BY FAX

COPY

ORIGINAL FILED

JUN 5 2012

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

E-filing

ADR

SI

1  Mike Rodenbaugh
2  California Bar No. 179059
   Erin D. Vivion
3  California Bar No. 262599
   RODENBAUGH LAW
4  548 Market Street
   San Francisco, CA 94104
5  (415) 738-8087
6  info@rodenbaugh.com

7  Attorneys for Plaintiff
   Vanity.com, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

VANITY.COM, INC., a Nevada corporation,

Plaintiff,

vs.

VANITY SHOP OF GRAND FORKS, INC., a North Dakota corporation,

Defendant.

Case No. CV12-02912

**COMPLAINT FOR:**

1. Declaratory Judgment of no Trademark Infringement;

2. Declaratory Judgment of no Unfair Competition;

3. Declaratory Judgment of no violation of the Anti-cybersquatting Consumer Protection Act;

4. Declaratory Judgment that Plaintiff is rightful holder of <Vanity.com> domain name;

5. Common Law Unfair Competition; and

6. Unfair Competition Under Cal. Bus. & Prof. Code Sec. 17200 *et seq.*

**DEMAND FOR JURY TRIAL**

Complaint - 1

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Vanity.com, Inc. ("Plaintiff"), by its attorneys, for its Complaint, alleges:

**NATURE OF ACTION**

This action seeks a declaratory judgment that Plaintiff's registration and use of the domain name <vanity.com> (hereinafter "the Domain Name") does not constitute trademark infringement, unfair competition, or a violation of the Anti-cybersquatting Consumer Protection Act ("ACPA"), and that Plaintiff is the rightful registered name holder or registrant of the Domain Name.  Plaintiff seeks to bar the transfer of the Domain Name to Defendant Vanity Shop of Grand Fork, Inc. ("Defendant").  This action also seeks relief for Defendant's bad faith actions constituting common law unfair competition and unfair competition under California Business & Professions Code Sec. 17200, *et seq*.

**JURISDICTION AND VENUE**

1. Pursuant to 28 U.S.C. §§ 2201(a) and 2202, Plaintiff seeks a declaration and judgment regarding its rights and obligations in an actual controversy within this Court's jurisdiction concerning Plaintiff's rights in and to the Domain Name. Subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1331, giving this Court original jurisdiction in a civil action raising a federal question under 28 U.S.C. § 1338(a), the Lanham Act, 15 U.S.C. § 1051, *et seq*., and the ACPA, 15 U.S.C. § 1125(d), giving this Court original and exclusive jurisdiction in a civil action arising under the trademark and cybersquatting laws of the United States. Pendent jurisdiction exists over the state law claim.

2. This Court has personal jurisdiction over Defendant because it has sufficient contacts with the State of California and this judicial District subjecting it to the general and specific personal jurisdiction of this Court pursuant to Cal. Code Civ. Pro. § 410.10.

Defendant has purposefully availed itself to this forum through general business presence and by filing a Uniform Domain Name Dispute Resolution Policy ("UDRP") complaint against Plaintiff, which could result in the transfer of the Domain Name to Defendant if successful, and if such transfer is not prohibited by this Court.

3. Venue is proper in this Judicial District under 28 U.S.C §§ 1391, because the Court has personal jurisdiction over the Defendant and because Plaintiff's claims arise from Defendant's activities within and targeted at this District.

## THE PARTIES

4. Plaintiff Vanity.com, Inc. is a Nevada corporation formed in 2006, with its principal place of business in Los Altos, California.

5. Plaintiff and/or its principal have owned the vanity.com Domain Name since 1995.

6. Plaintiff owns a U.S. federal trademark registration for the Vanity.com trademark, issued in 2009, for services described as "On-line journals, namely, blogs featuring cosmetic procedures and surgery related content."

7. Plaintiff has a legitimate interest in the inherently valuable Domain Name, and has used the Vanity.com trademark and Domain Name in various non-infringing manners *for over seventeen years*, without any bad faith towards Defendant.

8. Upon information and belief, Defendant Vanity Shop of Grand Fork, Inc. is a North Dakota Corporation with its principal place of business in North Dakota.

9. Upon information and belief, Defendant manufactures various goods under "Vanity"-formative trademarks, and has procured U.S. federal trademark registrations for such goods. On this basis, Defendant has asserted a meritless legal claim against Plaintiff's rightful property, the Domain Name. This has created an actual case and controversy for adjudication by this honorable Court.

## FACTUAL BACKGROUND

### Introduction

10. Domain Names are not simply Internet Protocol addresses that point and direct Internet users to their desired destination, they are valuable pieces of property that many liken to the new "real estate" of our burgeoning virtual society. Domain name and website development is a legitimate and important, multi-billion dollar industry.

11. Recently, many overreaching trademark owners have sought to capitalize on this thriving market by using weak marks to take advantage of the administrative system set up by ICANN (the California corporation that administers the Domain Name System ("DNS")), and swipe valuable descriptive, generic, geographic, keyword and/or dictionary domain names away from their rightful owners. These abusive filings under ICANN's Uniform Dispute Resolution Policy ("UDRP") are threatening meaningful development of domain name and Internet investment and innovation.

12. Such is the situation that is before the Court in this Complaint. On May 15, 2012, Defendant filed a UDRP complaint against Plaintiff regarding the Domain Name. In the UDRP complaint, despite Plaintiff's legitimate registration and use of the Domain Name for over seventeen years, Defendant alleges that Plaintiff has no rights or legitimate interests in the Domain Name and has registered and used it in bad faith, in a manner likely to confuse consumers as to the source of Defendant's services. Defendant seeks an order from the National Arbitration Forum, directing the transfer of the Domain Name to Defendant, thus mandating the taking from Plaintiff of its rightful property.

13. If successful, under the provisions of the UDRP, the Domain Name would be transferred to Defendant ten business days from notification of the decision to Plaintiff, unless Plaintiff files an action in Court to overturn the arbitration decision.

If unsuccessful, or at any time, Defendant may sue Plaintiff for trademark infringement and under the ACPA in federal court, legal action that Defendant's counsel specifically suggested in a phone call with Plaintiff's counsel on June 1, 2012.

### The Registration

14. Plaintiff registered the Domain Name in good faith in 1995.

15. Vanity is a common English word, and has obvious inherent, valuable meaning as a trademark for almost any business.  There are some 114 active USPTO trademark records for Vanity-formative marks in various industries, including Plaintiff's trademark registration for Vanity.com, issued in 2009.

16. Moreover, the Domain Name is the quintessential vanity domain name for any corporation or individual engaged in the multi-billion dollar domain name industry, giving it even greater inherent and non-infringing market value.  Indeed, at one time, Plaintiff provided more than 50,000 "user@vanity.com" email addresses to different internet users.

17. After registering the Domain Name, Plaintiff and its principal have made demonstrable efforts to create a business under the Domain Name, and otherwise have ensured to maintain control of this valuable property asset.

18. The registration and use of domain names comprised of generic, geographic, descriptive, keyword and/or dictionary terms is widely recognized as a good faith use.

19. Plaintiff did not register the Domain Name with the intent to sell it to Defendant, nor to disrupt the Defendant's business, nor to confuse consumers trying to find the Defendant's website.  At the time Plaintiff's principal registered the Domain Name in 1995, the Defendant did not even have a website.

The Weak Mark

20. The term "Vanity" is a generic dictionary word in English. It is commonly used in entertainment titles, for example as the name of musical groups or songs. It is a furniture unit commonly found in bedrooms and bathrooms.

21. The word is used by many different businesses in their trademarks across many various industries. These further include VANITY trademark registrations at the USPTO for fresh fruit and vegetables by A. Duda & Sons alleging use since 1936, for luggage by Samsonite alleging use since 2004, for wines by Wicked Wines alleging use since 2006, for tobacco by Serena S.R.L. based on foreign rights, and for restaurants, nightclubs and bars by HRHH IP, LLC, alleging use since 2009.

22. Defendant does not own and cannot rightfully claim exclusive rights to use of the word Vanity, as used in a domain name, trademark or otherwise.

Defendant's Activities That Create a Justiciable Controversy

23. On May 15, 2012, Defendant, via its counsel, filed a UDRP Complaint with the National Arbitration Forum ("NAF").

24. In the UDRP complaint, Defendants allege that the Domain Name is confusingly similar to Defendant's trademark, that Plaintiff has no legitimate rights to or interest in the Domain Name and that Plaintiff registered and is using the Domain Name in bad faith.

25. In the UDRP complaint, Defendant requests the remedy of transfer of the Domain Name.

26. Plaintiff will request that the arbitration provider dismiss or in the alternative, stay its proceedings in lieu of this Court's determination of Plaintiff's rights in the Domain Name.

Defendants' Activities that Create a Claim for Unfair Competition

27. Plaintiff realleges all of the foregoing paragraphs of this Complaint.

28. Defendant's activities towards Plaintiff constitute unfair competition under common law and pursuant to Cal. Bus. & Prof. Code § 17200, *et seq*. Defendant's activities are unlawful, unfair and fraudulent; they constitute an illegitimate attempt to obtain Plaintiff's property without just compensation, and an illegitimate attempt to enforce trademark rights far beyond any reasonable interpretation of same.

29. These activities are unlawful, unfair and fraudulent insofar as third parties may believe Defendant's assertions, and Plaintiff's reputation and business is likely to suffer accordingly.

30. Moreover, these activities cast a legal cloud on Plaintiff's title to its valuable Domain Name property, rendering such property more difficult if not impossible to sell for its full market value, and thus effectively disabling such property.  This obviously causes economic harm to Plaintiff.

## COUNT I: CLAIM FOR DECLARATORY RELIEF

31. Plaintiff realleges all the foregoing paragraphs of this Complaint.

32. Plaintiff rightfully registered and has used the Domain Name in good faith, and with neither knowledge of Defendant's mark, nor intent to sell the Domain Name specifically to Defendant.  Plaintiff had no intention of diverting any traffic from Defendant's website, and avers that there is no evidence that such has occurred.

33. In registering the Domain Name, Plaintiff had a legitimate interest in the inherent, generic value of the Domain Name and has used the Domain Name consistently with such purpose.

34. VANITY is a common, generic word.  Defendant's putative rights in the VANITY mark are far from exclusive; they are weak and narrowly confined to various goods.

Defendant has no exclusive right to the use of the term "Vanity" as a trademark or otherwise.

35. Plaintiff believed and had reasonable grounds to believe, based on the market for generic domain names, as well as prior legal decisions and decisions under the UDRP and the ACPA (and their predecessor case law, to the extent any existed in 1995), that the registration and use of the Domain Name as a generic word and in connection with non-infringing business endeavors was lawful.

36. For more than seventeen years, Plaintiff has had quiet enjoyment of her property in good faith, never hearing any complaint from Defendant or anyone else about her ownership of the Domain Name.

37. Now Defendant's counsel has filed an administrative action, contending essentially that Plaintiff used the Domain Name in violation of anti-cybersquatting and unfair competition laws. Defendant's counsel has further suggested that a 'cease and desist' notice and federal lawsuit are imminent.

38. Defendant's agent filed the UDRP complaint, contending that Plaintiff registered and used the Domain Name in bad faith.

39. The UDRP provides that administrative panel decisions may be stayed, and that subject domain name disputes may be resolved in a court of competent jurisdiction – regardless of the UDRP panelists' findings. The federal courts have held that such review is to be made *de novo*.

40. A justiciable controversy exists between Plaintiff and Defendant.

41. To resolve this actual controversy, Plaintiff seeks a declaration and judgment that its registration and use of the Domain Name is with the legitimate interest of exploiting its inherent value as a generic term, and/or is consistent with documented legitimate business efforts, and constitutes good faith use. Plaintiff seeks to remove the legal

cloud over title to Plaintiff's valuable property, which has been created by Defendant's actions.

## COUNT II: CLAIM FOR COMMON LAW UNFAIR COMPETITION

42. Plaintiff realleges all the foregoing paragraphs of this Complaint.

43. Defendant has filed a UDRP complaint and suggested legal proceedings, contending that Plaintiff used the Domain Name in violation of anti-cybersquatting, trademark and unfair competition laws.

44. Defendant's wrongful and baseless accusations of infringement have created a cloud on Plaintiff's title to the Domain Name.

45. As a result of Defendant's past and continued wrongful acts, Plaintiff has incurred damages in an amount to be proved at trial, including compensation for Plaintiff's time, effort and attorneys' fees in defending against Defendant's baseless claims.

## COUNT III: CLAIM FOR UNFAIR COMPETITION
## UNDER CAL. BUS. & PROF. CODE SEC. 17200

46. Plaintiff realleges all the foregoing paragraphs of this Complaint.

47. Defendant's wrongful acts, as described in this Complaint, are unlawful, unfair and fraudulent, and cause damage to Plaintiff and injure its business, in violation of section 17200 of the California Business and Professions Code.

48. As a result of Defendant's past and continued wrongful acts described herein, Plaintiff has incurred damages in an amount to be proved at trial, including compensation for Plaintiff's time, effort and attorneys' fees in defending against Defendant's baseless claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. a declaration that Plaintiff has not infringed and is not infringing the trademark rights of Defendant;

b.  a declaration that Plaintiff has not violated and is not violating unfair competition law;

c.  a declaration that Plaintiff has not violated and is not violating the ACPA;

d.  a declaration that Plaintiff registered and has used the Domain Name in good faith and is the rightful registrant of the Domain Name;

e.  a finding awarding Plaintiff monetary compensation for damages sustained by Defendant's wrongful actions as alleged in this Complaint;

f.  an award of reasonable attorneys' fees and expenses; and,

g.  such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff respectfully requests that all issues in this case be decided by a jury.

Dated: June 5, 2012          RODENBAUGH LAW

By: _____

Mike Rodenbaugh
RODENBAUGH LAW
584 Market Street
San Francisco, CA 94104
Tel/fax: (415) 738-8087

Attorney for Plaintiff
Vanity.com, Inc.